UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
)
IN RE:                                          )    CASE NO.   06-32235 (ASD)
                                                )
DOLORES J. HALL,                                )    CHAPTER 13
                                                )
        DEBTOR.                                 )    Re: Doc. I.D. No.13
                                                )
------------------------------------------------

**BRIEF MEMORANDUM AND ORDER ON TRUSTEE'S MOTION TO DISMISS**

The Chapter 13 Standing Trustee's . . . Motion to Dismiss (hereafter, the "Motion"), Doc. I.D. No. 13, came before the Court for a hearing on April 5, 2007. The Motion requests, *inter alia*, dismissal of this bankruptcy case "in the event that the [Debtor's proposed] plan is not confirmable". Familiarity with the uncontested record representations of fact from the April 5, 2007 hearing is presumed.

The present case, attended by, *inter alia*, allegations of "identity theft" and consideration of prior state court proceedings, as well as an arguably un-confirmable proposed Chapter 13 Plan, Doc. I.D. No. 19  (hereafter, the "Plan") (providing, *inter alia*, for possible plan payments wholly from existing savings rather than future income, see 11 U.S.C. §1322(a)(1)),[1] is fairly unique.  So too is the Debtor's bankruptcy strategy which

---

[1]Section 1322(a)(1) states:

 (a) The plan *shall* –

   (1) provide for the submission of all or such portion of *future earnings or other future income* of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

(emphasis added).

would have this Court determine as unenforceable certain judgment liens permitting her to exit bankruptcy short of actual plan confirmation, or via a plan providing for no plan payments to creditors. Alternatively, to the extent that any judgment lien is determined to be enforceable, the Debtor proposes to pay from savings a sum equal to the amount of such sustained judgment lien.

Nevertheless, Chapter 13 debtor eligibility is determined largely, if not exclusively, pursuant to § 109(e).[2] As the Debtor is an individual with regular income with debts that do not exceed the Chapter 13 debt ceiling of § 109(e), the Debtor may be a debtor under Chapter 13, and therefore, is entitled presently to pursue relief afforded by that Chapter by and through the Plan or, if required for confirmation, a modified version of the Plan.

Accordingly, the Motion is **DENIED**.

Dated: April 5, 2007

BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

[2] Section 109(e) provides:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.