UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------
                                                    )
In re:                                              )    Chapter    13
                                                    )
DOLORES J. HALL,                                    )    Case No.    06-32235 (ASD)
                                                    )
         Debtor.                                    )    RE: Doc. I.D. No. 36 (re: Claim No. 9)
                                                    )
-------------------------------------------------------

**MEMORANDUM ORDER ON OBJECTION TO CLAIM**

Before the Court is the above-captioned Debtor's objection to the referenced proof of claim of Unifund CCR Partners.  This Memorandum Order follows an evidentiary hearing held August 21, 2007 (hereafter, the "Hearing") and extensive post-Hearing briefing and related proceedings.

Based upon the entire record of this case and contested matter, including the documentary and testimonial evidence adduced at the Hearing, the Court **FINDS** as follows:

1.  On or about April 15, 2005, the Connecticut Superior Court (hereafter, "Superior Court") entered a default monetary judgment (hereafter, the "Judgment") in favor of Unifund CCR Partners (hereafter, the "Claimant") against Dolores J. Hall (hereafter, the "Debtor") in a civil action bearing Docket No. CV 04-4003709-S (hereafter, the "Civil Action").

2.  The basis for the Judgment was an alleged credit card agreement between the Debtor and the Claimant's predecessor-in-interest, Wachovia Bank (hereafter, "Wachovia").

3.  In fact, no credit agreement ever existed between the Debtor and Wachovia and/or the Claimant.

4. According to a Connecticut Marshal's Return of Service, service of process upon the Debtor in the Civil Action was accomplished by so-called "abode service", specifically, by leaving the relevant process (hereafter, the "Process") "at the usual place and abode of said defendant, at 23 Princess Dr., Madison, CT." The Princess Drive location referenced by the Marshal shall hereafter be referred to as the "Madison Property".

5. At no time relevant to the Civil Action or this contested matter did the Debtor reside at the Madison Property.

6. At no time relevant to the Civil Action or this contested matter did anyone residing at the Madison Property provide the Process to the Debtor, or otherwise notify her of the pendency of the Civil Action.

7. On December 13, 2006, the Debtor commenced the instant Chapter 13 bankruptcy case through the filing of a voluntary petition.

8. On April 16, 2007, the Claimant filed the proof of claim that is the subject of the instant matter (Claim No. 9) (hereafter, the "Proof of Claim") based upon the Judgment.

9. On April 25, 2007, the Debtor filed the pending objection to the Claimant's Proof of Claim.

Based upon the entire record of this case and contested matter, and the governing legal authorities, the Court **FINDS AND CONCLUDES** as follows:

This matter is governed, in the first instance, by the claim allowance standards and procedures of Bankruptcy Code Section 502. Section 502 instructs that if an objection to

a proof of claim is made, the Court shall "determine the amount of such claim . . . as of the date of the filing of the petition". Although a claimant enjoys an initial presumption of claim validity based upon a filed proof of claim, see 11 U.S.C. § 502(a), it bears the ultimate burden of persuasion as to the allowance of its claim. When an objector articulates a reasonable basis for the disallowance of all or part of a claim, the initial presumption is overcome, and the production burden shifts to the Claimant to prove its entitlement by a preponderance of the evidence.

Under the terms of Section 502(b)(1), this Court must *disallow* any claim that is "*unenforceable* against the debtor and property of the debtor, under . . . *applicable law* . . . ." (emphasis supplied). In essence, the Debtor here is arguing, consistent with Section 502(b)(1), that the Judgment is "unenforceable" against her under "applicable law" because the Superior Court never acquired personal jurisdiction over her.

As a preliminary matter, this Court determines (i) that, as a federal court of bankruptcy jurisdiction, it enjoys ample constitutional and statutory authority to examine the enforceability of the Judgment on the basis of an alleged lack of personal jurisdiction over the Debtor-defendant. See, e.g., In re Pruitt, — B.R. —, 2009 WL 535975, at *3, *6 (Bank. D.Conn. 2009). Having undertaken such examination, this Court determines that the Debtor's arguments form a proper basis to challenge the enforceability of the Judgment under both federal and state law.

With respect to applicable *federal* law, while federal courts are generally required

to grant full faith and credit to a state court judgment pursuant to, *inter alia*, 28 U.S.C. § 1738, bankruptcy courts are nonetheless permitted to re-examine a state court default judgment that was allegedly obtained without the rendering court having obtained personal jurisdiction over the defendant.  See Kelleran v. Andrijevic, 825 F.2d 692, 694 (2d Cir. 1987), cert. denied, 484 U.S. 1007 (1988) (citing Heiser v. Woodruff, 327 U.S. 726, 736, 66 S.Ct. 853, 858 (1946)).

The analysis and result are similar under applicable *state* law – which is the relevant standard if this Court is limited by the full faith and credit rules of 28 U.S.C. § 1738.[1]  A Connecticut judgment debtor has the right to raise *jurisdictional* issues in state court free from the temporal limitations of C.G.S. § 52-212 and Connecticut Practice Book § 17-43 (establishing a four-month time limit for certain challenges).  See, e.g., General Motors Acceptance Corp. v. Pumphrey, 13 Conn.App 223, 228-29 (Conn.App. 1988).  On jurisdictional grounds, a Connecticut court possesses the inherent authority to open and modify a judgment at *any* time.  Id.  Unless process is served as prescribed by state statute, the Superior Court does not acquire jurisdiction over a defendant.  Hyde v. Richard, 145 Conn. 24, 25 (1958).  And while Connecticut law provides for "abode service", C.G.S. §§ 52-54, 52-57(a), the location of the server's deposit of process must indeed be the "usual place of abode" of the defendant.  See, e.g., Hibner v. Bruening, 78 Conn.App 456,

---

[1] Section 1738 provides in relevant part that "[t]he . . . judicial proceedings of any court of any . . . State . . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."

463 (Conn.App. 2003).

This Court determines that the Superior Court lacked sufficient personal jurisdiction over the Debtor to render the Judgment against her. The Madison Property was not, in the relevant time-frame, the "usual place of abode" of the Debtor. Thus, the delivery of any process at that property, could not alone have constituted appropriate notice to the Debtor of the pendency of the Civil Action so as to establish the Superior Court's *in personam* jurisdiction over her.

Finally, this Court determines that the claim underlying the Judgment is unenforceable against the Debtor on its merits. The evidence before this Court conclusively establishes that there was never any actual relationship – and thus, no meeting of minds – between the Debtor and Wachovia; nor was the Claimant able to establish any basis for a determination that the Debtor might have become obligated to Wachovia through the actions of an agent. Simply put, there has never been any privity of contract between the Debtor and Wachovia and/or the Claimant. Accordingly, it is hereby

**ORDERED** that the objection of the Debtor (Doc. I.D. No. 36) to the proof of claim of Unifund CCR Partners (Claim No. 9) is **SUSTAINED**. Claim No. 9 is **DISALLOWED** in its entirety.

Dated: April 15, 2009                                                                                       BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge